## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | CHAPTER 11 |
| ) | |
| QUANTUM FOODS, LLC, *et al.*, [1] ) | Case No. 14-10318 (KJC) |
| ) | |
| Debtors ) | (Jointly Administered) |
| ) | |
| ) | |
| THE OFFICIAL COMMITTEE OF UNSECURED ) | |
| CREDITORS OF QUANTUM FOODS, LLC, *et al.*, ) | Adv. Case No. 16-50045 (KJC) |
| ) | (D.I. 8, 25) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INDEPENDENT PURCHASING COORPERATIVE, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION[2]

## BY: KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

Before the Court is the Motion of Defendant Independent Purchasing Cooperative, Inc.

("IPC") for entry of an Order (i) Dismissing Plaintiff's Complaint, or alternatively, (ii) Requiring

a More Definite Statement (Adv. D.I. 8) (the "Motion to Dismiss").  Also before the Court is the

Motion of the Official Committee of Unsecured Creditors of Quantum Foods, LLC (the

"Committee") to Strike the Notice of Supplemental Authority that was filed by IPC in support of

---

[1] The chapter 11 cases of the following Debtors are jointly administered: Quantum Foods, LLC; Quantum Foods 213-D, LLC; Quantum Culinary, LLC; GDC Logistics, LLC; and Choice One Foods, LLC (the "Debtors").

[2] This Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 157 and § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (F).

the Motion to Dismiss (Adv. D.I. 25) (the "Motion to Strike"). For the reasons stated herein, the Motion to Dismiss will be granted, although the Committee will be granted leave to amend the Complaint. The Motion to Strike will be granted.

Background

On February 18, 2014 (the "Petition Date"), the Debtors filed voluntary chapter 11 bankruptcy petitions in this Court. On February 27, 2014, the U.S. Trustee appointed the Committee. On July 14, 2014, this Court entered an order conferring standing on the Committee to investigate and prosecute, among other claims, the Debtors' causes of action under chapter 5 of the Bankruptcy Code.[3]

On October 29, 2014, the Committee commenced an adversary proceeding against IPC (Adversary Case No. 14-50933), which was dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1) (made applicable pursuant to Fed. R. Bankr. P. 7041) on February 5, 2015.

On February 18, 2016, the Committee commenced this adversary proceeding against IPC by filing a complaint to avoid and recover transfers made by Quantum Foods, LLC to IPC in the total amount of $2,223,060.65 (the "Transfers") under Bankruptcy Code §§ 547(b) and 550. Attached as Exhibit A to the Complaint is a chart setting forth the following information for each Transfer: check number, payment amount, payment date, invoice number, invoice date, total invoice amount, and preferential transfer amount. The Complaint also seeks disallowance of any claim of IPC against the Debtors' estates pursuant to Bankruptcy Code § 502(d).

On April 25, 2016, IPC filed the Motion to Dismiss. On May 23, 2016, the Committee filed a response opposing the Motion to Dismiss. IPC filed a reply brief on June 6, 2016.

---

[3] Order dated July 14, 2016 (Main Case D.I. 525).

On June 29, 2016, IPC filed a Notice of Supplemental Authority in Support of the Motion

to Dismiss, citing a 2012 decision that dismissed a claim under Bankruptcy Code § 502(d) as

premature when no judgment had been entered on an avoidance action and the plaintiff had not

alleged that the defendant filed a proof of claim.  On June 30, 2016, the Committee filed the

Motion to Strike the Notice of Supplemental Authority, arguing that it violated Local Bankruptcy

Rule 7007-1(b) because it was filed without Court approval and did not cite any cases decided

*after* IPC's reply brief.[4]  On July 5, 2016, IPC filed a response opposing the Motion to Strike,

and, on July 7, 2016, the Committee filed a reply in support of the Motion to Strike.


Motion to Dismiss Standard

Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012(b), governs a motion

to dismiss for failure to state a claim upon which relief can be granted. "The purpose of a motion

to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the

merits of the case."[5] When reviewing a motion to dismiss, the court will construe the complaint

"in the light most favorable to the plaintiff." [6]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]  "While a complaint

---

[4] Local Bankruptcy Rule 7007-1(b) provides:
No additional briefs, affidavits or other papers in support of or in opposition to the motion
shall be filed without prior approval of the Court, except that a party may call to the Court's
attention and briefly discuss pertinent cases decided after a party's final brief is filed or
after oral argument.
[5] *Paul v. Intel Corp. (In re Intel Corp. Microprocessor Antitrust Litig.)*, 496 F. Supp. 2d 404, 407
(D. Del. 2007) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993)).
[6] *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011) (quoting *In re Ins. Brokerage
Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.
544, 570 (2007)).

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level."[8]

The Court of Appeals for the Third Circuit has outlined a three-step process to determine the sufficiency of a complaint under *Twombly* and *Iqbal*:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." [9]

When deciding a motion to dismiss, a court may not consider matters extraneous to the pleadings, but "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."[10]  The movant carries the burden of demonstrating that dismissal is appropriate.[11]

Discussion

The Complaint recites the elements of causes of action under Bankruptcy Code §§ 547(b), 550 and 502(d), but includes only a few vague factual allegations.[12]  The Complaint does not provide any details about the antecedent debt which the Transfers satisfied, such as the

---

[8] *Twombly*, 550 U.S. at 555 (citations omitted).

[9] *Burtch*, 662 F.3d at 221 (citations omitted).

[10] *Angstadt v. Midd-West School Dist.*, 377 F.3d 338, 342 (3d Cir. 2004) (quoting *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 282, 288 (3d Cir. 2002)).

[11] *In re Intel Corp. Microprocessor Antitrust Litig.*, 496 F. Supp. 2d at 408.

[12] Paragraph 12 of the Complaint states: "Prior to the Petition Date, Quantum Foods, LLC was indebted to the Defendant for certain goods and services provided by the Defendant."  Paragraph 16 of the Complaint states: "In particular, the Transfers were made from Quantum Foods, LLC's bank account and such funds belonged to Quantum Foods, LLC."

relationship between the parties, the identity of any contracts or agreements between the parties, or any description of the goods or services exchanged.[13]  The Committee argues that the exhibit provides sufficient information to support its claims.  However, the information in the exhibit does not provide any context or describe the nature of the transfers.[14]  The Complaint also fails to allege any facts to support a claim under § 502(d).[15]

On its face, the Complaint does not state sufficient facts to support the claims for avoidance and recovery of a preferential payment or for disallowance of claims.  However, because leave to amend a complaint should be freely given when justice so requires, I will allow the Committee an opportunity to amend the Complaint and provide more specific information.[16]

As for the Motion to Strike, Local Bankruptcy Rule 7007-1(b) is clear.[17] The local rule prevents endless rounds of briefing or prejudice to an opposing party.  However, if a party wants an opportunity for further briefing regarding cases decided prior to the final briefs or oral argument, the party can always ask the Court for permission which, in turn, allows the Court to control the process.  Here, IPC did not seek permission.  The Motion to Strike will be granted.

---

[13] *Miller v. Opco, LLC (In re Tweeter Opco)*, 452 B.R. 150, 154-55 (Bankr. D. Del. 2011) (deciding that a preference complaint is insufficient when it fails to adequately describe the nature of the antecedent debt).

[14] *Guiliano v. Haskett (In re MCG, L.P.)*, 545 B.R. 74, 82-83 (Bankr. D. Del. 2016) (deciding that a preference complaint is insufficient when it does not allege any facts that give context or a description of the transfers from the debtors to the defendant beyond to whom the check was sent, dates the check were sent and received, and the amount of the transfer.)

[15] Count III of the Complaint for disallowance of claims pursuant to § 502(d) includes two paragraphs - - one that repeats and re-alleges previous allegations and one that states broadly:
> Pursuant to section 502(d) of the Bankruptcy Code, any claim the Defendant holds against the Debtors' estates should be disallowed unless and until the Defendant returns the amount of the Transfers to the Debtors estates.

Complaint, ¶29.  There is no allegation describing the claims, if any, of IPC against the Debtors' estates.

[16] Fed. R. Civ. P. 15(a)(2) made applicable hereto by Fed. R. Bankr. P. 7015.

[17] *See* n. 4, *supra.*

Conclusion

For the reasons set forth above, the Motion to Dismiss will be granted, although the

Committee will be granted leave to amend the Complaint requesting relief under Bankruptcy

Code §§ 547(b), 550 and 502(d).  The Motion to Strike will be granted.

An appropriate order follows.


BY THE COURT:


KEVIN J. CAREY
UNITED STATES BANKRUPTCY COURT

Dated:  August 9, 2016